**LEILA W. MORGAN**
California Bar No. 232874
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Leila_Morgan@fd.org

Attorneys for Mr. Fierros-Hurtado

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: 08CR2164-JTM |
| Plaintiff, | DATE: August 22, 2008 |
| | TIME: 11:00 a.m. |
| v. | |
| ALBERTO FIERROS-HURTADO, | NOTICE OF MOTIONS AND MOTIONS TO: |
| Defendant. | 1) COMPEL DISCOVERY AND PRESERVE EVIDENCE; |
| | 2) DISMISS INDICTMENT FOR FAILURE TO ALLEGE ESSENTIAL ELEMENTS OF THE OFFENSE; |
| | 3) GRANT LEAVE TO FILE FURTHER MOTIONS. |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
      REBECCA S. KANTER, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on August 22, 2008, at 11:00 a.m., or as soon thereafter as counsel may be heard, defendant, Alberto Fierros-Hurtado, by and through his attorneys, Leila W. Morgan and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

/ / /

**MOTIONS**

Defendant, Alberto Fierros-Hurtado, by and through his attorneys, Leila W. Morgan and Federal Defenders of San Diego, Inc., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1)  Compel Discovery and Preserve Evidence;

(2)  Dismiss Indictment for Failure to Allege Essential Elements of the Offense;

(3)  Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated: August 22, 2008

*s/ Leila W. Morgan*
**LEILA W. MORGAN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Fierros-Hurtado
Leila_Morgan@fd.org

**LEILA W. MORGAN**
California Bar No. 232874
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Leila_Morgan@fd.org

Attorneys for Mr. Fierros-Hurtado

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 08CR2164-JTM |
| Plaintiff, | DATE: August 22, 2008 |
| | TIME: 11:00 a.m. |
| v. | |
| ALBERTO FIERROS-HURTADO, | STATEMENT OF FACTS AND |
| | MEMORANDUM OF POINTS AND |
| | AUTHORITIES IN SUPPORT OF MOTIONS |
| Defendant. | |

I.

**STATEMENT OF FACTS**[1]

On April 14, 2008, at approximately 6:10 a.m., Border Patrol Agent Robert D. Reyes responded to an area one-quarter mile west of the Tecate Port of Entry, and witnessed three individuals moving south toward the international fence-line. Upon arriving in the area he searched the area and found three individuals attempting to conceal themselves in some heavy brush. Upon approaching the three individuals, Agent Reyes identified himself as a United States Border Patrol Agent in both English and Spanish. Agent Reyes alleges that upon questioning all three individuals identified themselves as Mexican citizens without

---

1. The following is based primarily upon information supplied through Government discovery. Mr. Fierros-Hurtado does not stipulate to its accuracy and reserves the right to challenge it at future proceedings.

1  a legal right to remain in the United States. All three individuals were arrested and taken to the Border
2  Patrol Station for further processing.
3      At the station records checks were performed on the individuals and a criminal and immigration
4  history was discovered with regards to Mr. Fierros-Hurtado. At approximately 12:23 p.m., more than six
5  hours after his initial arrest in the field, Mr. Fierros-Hurtado was read his *Miranda* rights and was questioned
6  regarding his entry into the United States. Mr. Fierros-Hurtado made incriminating statements at this time.
7      On June 26, 2008, an indictment was filed charging Mr. Fierros-Hurtado with one count of being a
8  deported alien found in the United States, in violation of Title 8 U.S.C. § 1326(a) and (b).
9      These motions follow.

10  **II.**

11  **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

12      Mr. Fierros-Hurtado moves for the production of the following discovery. This request is not limited
13  to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the
14  custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See
15  United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).
16      To date, *defense counsel has received only 57 pages of discovery*. Mr. Fierros-Hurtado respectfully
17  requests that the Government be ordered to produce discovery because Mr. Fierros-Hurtado has reason to
18  believe that he has not received all the discoverable material in his case. Mr. Fierros-Hurtado **specifically**
19  **requests production of a copy of the taped proceedings and any and all documents memorializing the**
20  **deportation proceeding allegedly held and any other proceedings that the Government intends to rely**
21  **upon at trial**. This request includes discovery of materials known to the Government attorney, as well as
22  discovery of materials which the Government attorney may become aware of through the exercise of due
23  diligence. See FED. R. CRIM. P. 16.
24      Mr. Fierros-Hurtado has also not received a full copy of her A-file. Mr. Fierros-Hurtado specifically
25  requests the documents memorializing the alleged deportation proceedings and any other proceedings that
26  the Government intends to rely upon at trial.
27      Mr. Fierros-Hurtado additionally requests that the Court order the Government to allow her the
28  opportunity to review her A-file in its entirety. First, the A-file contains documentation concerning his

1 alleged deportation. Part of Mr. Fierros-Hurtado defense may be that her underlying deportation was invalid. The documents in the A-file would help illuminate the validity or futility of such a defense. For example, A-file documents typically contain biographical information. Such information is essential to determining whether Mr. Fierros-Hurtado's deportation was invalid.

Second, the Government will likely try to show at trial that a Government officer searched the A-file and did not find an application by Mr. Fierros-Hurtado for permission to enter the United States. Mr. Fierros-Hurtado anticipates that the Government will attempt to admit a "Certificate of Non-Existence of Record" against her, arguing that if Mr. Fierros-Hurtado had ever applied for permission to enter the United States, such an application would be found in the A-file and because such an application is not in the A-file, Mr. Fierros-Hurtado must not have applied for permission to enter the United States.

Although the certificate might be admissible, the question of the thoroughness of the search conducted by the Government of the A-file is, and should be, open to cross-examination. United States v. Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Fierros-Hurtado should be able to review his A-file in order to see whether any application for lawful admission exists. Moreover, Mr. Fierros-Hurtado should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from her A-file. Mr. Fierros-Hurtado may assert a defense that his application for lawful entry was lost or otherwise misplaced by the Government. She must be allowed the opportunity to review his A-file and the manner in which it is being maintained by the Government in order to present this defense.

In addition, Mr. Fierros-Hurtado moves for the production of the following discovery:

1. **Mr. Fierros-Hurtado's Statements.**  The Government must disclose to Mr. Fierros-Hurtado all copies of any written or recorded statements made by Mr. Fierros-Hurtado; the substance of any statements made by Mr. Fierros-Hurtado which the Government intends to offer in evidence at trial; any response by Mr. Fierros-Hurtado to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of Mr. Fierros-Hurtado's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to Mr. Fierros-Hurtado; as well as any other statements attributed to Mr. Fierros-Hurtado. FED. R. CRIM. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that

the Government must reveal <u>all</u> Mr. Fierros-Hurtado's statements, whether written or oral, regardless of whether the Government intends to make any use of those statements. **Mr. Fierros-Hurtado specifically requests all audio and videotaped copies of his statements and any rough notes taken pertaining to the substance of his statements. Mr. Fierros-Hurtado requests that the government provide him with a court-certified transcript of the compact disc depicting Mr. Fierros-Hurtado's post-arrest interrogation by the agents.**

2. **Arrest Reports, Notes and Dispatch Tapes.** Mr. Fierros-Hurtado also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Fierros-Hurtado or any other discoverable material is contained. Such material is discoverable under FED. R. CRIM. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Fierros-Hurtado. <u>See</u> FED. R. CRIM. P. 16(a)(1)(B) and (c), FED. R. CRIM. P. 26.2 and 12(i).

3. **Brady Material**. Mr. Fierros-Hurtado requests all documents, statements, agents' reports, and tangible evidence favorable to Mr. Fierros-Hurtado on the issue of guilt and/or which affects the credibility of the Government's witnesses and the Government's case. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

4. **Any Information That May Result in a Lower Sentence Under The Guidelines.** Notwithstanding the advisory nature of the sentencing guidelines, the Government must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), because it is exculpatory and/or mitigating evidence relevant to a possible future determination with respect to sentencing.

5. **Mr. Fierros-Hurtado's Prior Record.** Mr. Fierros-Hurtado requests disclosure of his prior record. FED. R. CRIM. P. 16(a)(1)(B).

6. **Any Proposed 404(b) Evidence.** Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon

request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate <u>precisely</u> the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

This request includes any "TECS" records as well as any other record(s) of prior border crossings (voluntary entries) that the Government intends to introduce at trial, whether in its case-in-chief, as impeachment, or in its rebuttal case. Although there is nothing intrinsically improper about prior border crossings (except, as here, where there are allegations of undocumented status), they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. <u>United States v. Vega</u>, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).

The defendant requests that such notice be given three weeks before trial to give the defense time to adequately investigate and prepare for trial.

7. **<u>Evidence Seized.</u>** Mr. Fierros-Hurtado requests production of evidence seized as a result of any search, either warrantless or with a warrant. FED. R. CRIM. P. 16(a)(1)(c).

8. **<u>Request for Preservation of Evidence.</u>** Mr. Fierros-Hurtado specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, Mr. Fierros-Hurtado's personal effects, and any evidence seized from Mr. Fierros-Hurtado.

9. **<u>Henthorn Material.</u>** Mr. Fierros-Hurtado requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. <u>See</u> <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police"); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Jennings</u>, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate Government agency may review files and notify AUSA of

1  contents as long as AUSA makes the determination regarding material to be disclosed); United States v.
2  Herring, 83 F.3d 1120 (9th Cir. 1996) (accord).

3      10. **Tangible Objects.** Mr. Fierros-Hurtado requests the opportunity to inspect, copy, and test, as
4  necessary, all other documents and tangible objects, including photographs, books, papers, documents,
5  fingerprint analyses, or copies of portions thereof, which are material to the defense, intended for use in the
6  Government's case-in-chief, or were obtained from or belong to Mr. Fierros-Hurtado. FED. R. CRIM. P.
7  16(a)(1)(c). **Specifically, Mr. Fierros-Hurtado requests copies of the audio tapes of his alleged prior**
8  **deportations or removals.**

9      11. **Expert Witnesses.** Mr. Fierros-Hurtado requests the name, qualifications, and a written
10 summary of the testimony of any person that the Government intends to call as an expert witness during its
11 case in chief. FED. R. CRIM. P. 16(a)(1)(E). The defense requests the notice of expert testimony be provided
12 at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to
13 this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the
14 Government's expert and a hearing in advance of trial to determine the admissibility of qualifications of any
15 expert. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999) (trial judge is "gatekeeper" and
16 must determine, reliability and relevancy of expert testimony and such determinations may require "special
17 briefing or other proceedings").

18     12. **Evidence of Bias or Motive to Lie.** Mr. Fierros-Hurtado requests any evidence that any
19 prospective Government witness is biased or prejudiced against Mr. Fierros-Hurtado, or has a motive to
20 falsify or distort his or her testimony.

21     13. **Impeachment Evidence.** Mr. Fierros-Hurtado requests any evidence that any prospective
22 Government witness has engaged in any criminal act whether or not resulting in a conviction and whether
23 any witness has made a statement favorable to Mr. Fierros-Hurtado. See FED. R. EVID. 608, 609 and 613;
24 Brady v. Maryland.

25     14. **Evidence of Criminal Investigation of Any Government Witness.** Mr. Fierros-Hurtado
26 requests any evidence that any prospective witness is under investigation by federal, state or local authorities
27 for any criminal conduct.
28 //

15. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.** Mr. Fierros-Hurtado requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic.

16. **Witness Addresses.** Mr. Fierros-Hurtado requests the name and last known address of each prospective Government witness. Mr. Fierros-Hurtado also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a Government witness.

17. **Name of Witnesses Favorable to Mr. Fierros-Hurtado.** Mr. Fierros-Hurtado requests the name of any witness who made an arguably favorable statement concerning Mr. Fierros-Hurtado or who could not identify her or who was unsure of her identity, or participation in the crime charged.

18. **Statements Relevant to the Defense.** Mr. Fierros-Hurtado requests disclosure of any statement relevant to any possible defense or contention that he might assert in his defense.

19. **Jencks Act Material.** Mr. Fierros-Hurtado requests production in advance of trial of all material, including dispatch tapes, which the Government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at trial to allow Mr. Fierros-Hurtado to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

20. **Giglio Information & Agreements Between the Government and Witnesses.** Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Fierros-Hurtado requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment.

21. **Agreements Between the Government and Witnesses.** Mr. Fierros-Hurtado requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or

future compensation, or any other kind of agreement, promise, or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local).  This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed, and specifically includes any discussion with a potential witness regarding that witness' immigration status and/or any affect that the witness' statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status, including but not limited to citizenship, nationality, a green card, border crossing card, parole letter, or permission to remain in the United States.

22. **Informants and Cooperating Witnesses.** Mr. Fierros-Hurtado requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Fierros-Hurtado.  The Government must disclose the informant's identity and location, as well as the existence of any other percipient witness unknown or unknowable to the defense.  Roviaro v. United States, 353 U.S. 53, 61-62 (1957).  The Government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Fierros-Hurtado.  Brady v. Maryland, 373 U.S. 83 (1963)

23. **Bias by Informants or Cooperating Witnesses.**  Mr. Fierros-Hurtado requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  Giglio v. United States, 405 U.S. 150 (1972).  Such information includes, but is not limited to, any inducements, favors, payments or threats that were made to the witness in order to secure cooperation with the authorities.

24. **Scientific and Other Information.**  Mr. Fierros-Hurtado requests the results of any scientific or other tests or examinations conducted by any Government agency or their subcontractors in connection with this case.  See Rule 16(a)(1)(D).

//
//
//
//

25. **Residual Request.** Mr. Fierros-Hurtado intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Fierros-Hurtado requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## III.

## THIS COURT SHOULD DISMISS THE INDICTMENT FOR ITS FAILURE TO ALLEGE ESSENTIAL ELEMENTS OF THE OFFENSE

The indictment charges Mr. Fierros-Hurtado with being a previously-deported alien found in the United States in violation of 8 U.S.C. § 1326. The indictment fails to allege elements necessary to convict Mr. Fierros-Hurtado of the offense: that Mr. Fierros-Hurtado knew he was in the United States, he failed to undergo inspection and admission by an immigration officer at the nearest inspection point, and that he voluntarily entered the United States. As a consequence, it must be dismissed. See e.g., Nyrienda v. I.N.S., 279 F.3d 620 (8th Cir. 2002) (setting forth the components of an entry under the immigration law); see also United States v. Pernillo-Fuentes, 252 F.3d 1030 (9th Cir. 2001); United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999);.

However, because these issues were decided against Mr. Fierros-Hurtado in United States v. Rivera-Sillas, 376 F.3d 887 (9th Cir. 2004), they are not briefed herein, but are raised to preserve them for further appeal. (Mr. Fierros-Hurtado would be happy to submit further briefing on these issues to this Court, if so ordered.)

## IV.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

*Defense counsel has received only 57 pages of discovery*. As more information comes to light, due to the government providing additional discovery in response to these motions or an order of this Court, the defense may find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

**V.**

**CONCLUSION**

For the foregoing reasons, Mr. Fierros-Hurtado respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: August 21, 2008

*s/ Leila W. Morgan*
**LEILA W. MORGAN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Fierros-Hurtado
Leila_Morgan@fd.org

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 08CR2164-JTM |
| | ) | |
| | ) | CERTIFICATE OF SERVICE |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **ALBERTO FIERROS-HURTADO**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Counsel for Defendant certifies that the foregoing motion, is true and accurate to the best of her information and belief, and that a copy of the foregoing has been electronically served this day upon:

        Rebecca Kanter
        Assistant United States Attorney
        880 Front Street
        San Diego, CA 92101

Dated: August 21, 2008

    s/ *Leila W. Morgan*
    **LEILA W. MORGAN**
    Federal Defenders of San Diego, Inc.
    225 Broadway, Suite 900
    San Diego, CA 92101-5030
    (619) 234-8467 (tel); (619) 687-2666 (fax)
    E-mail: Leila_Morganl@fd.org